IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02852-BNB
(**The above civil action number must appear on all future papers sent to the court in this action. Failure to include this number may result in a delay in the consideration of your claims.**)

STEVEN JAMES HERNANDEZ,

    Plaintiff,

v.

[NO DEFENDANT NAMED],

    Defendant(s).

## ORDER DIRECTING PLAINTIFF TO CURE DEFICIENCIES

Steven James Hernandez is detained at the Denver County Jail. He has submitted *pro se* a Letter to the Court (ECF No. 1), in which he asserts that the Colorado Department of Corrections is improperly deducting earned and good time credits from his parole eligibility date, instead of from his discharge date.

"The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." See *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "Petitions under § 2241 are used to attack the execution of a sentence, *see Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir.1996). A habeas corpus application is an improper vehicle for a prisoner to challenge the conditions of his confinement. See *McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997). Generally, a state prisoner's challenge to his conditions of confinement is cognizable under 42 U.S.C.

§ 1983. *Id.*

In Colorado, earned and good time credits do not count as service of the inmate's sentence but rather serve only to establish parole eligibility. *See Jones v. Martinez*, 799 P.2d 385, 387-88 & n. 5 (Colo.1990) (collecting cases). Where an inmate's parole is within the discretion of the Parole Board, the award of earned or good time credits does not render the inmate eligible for immediate or speedier release. *See Boutwell v. Keating*, 399 F.3d 1203, 1209 (10th Cir. 2005) ("[H]abeas corpus is the only avenue for a challenge to the fact or duration of confinement, at least when the remedy requested would result in the prisoner's immediate or speedier release from that confinement.") (emphasis in original omitted); *see also Frazier v. Jackson*, 385 F. Appx. 808, 810-11 (10th Cir. 2010) (unpublished) ("An application for habeas relief may be granted only when the remedy requested would result in the prisoner's immediate or speedier release from confinement.") (quotations omitted).

As part of the Court's review pursuant to D.C.COLO.LCivR 8.1(b), the Court has determined that the submitted document is deficient as described in this Order. Mr. Hernandez will be directed to cure the following if he wishes to pursue his claims. Any papers that Mr. Hernandez files in response to this Order must include the civil action number noted above in the caption of this Order.

**28 U.S.C. § 1915 Motion and Affidavit**:
(1)  X   is not submitted
(2)  __  is missing affidavit
(3)  X   is missing certified copy of prisoner's trust fund statement for the 6-month period immediately preceding this filing (if filing civil rights complaint)
(4)  X   is missing certificate showing current balance in prison account (if filing habeas corpus application)
(5)  __  is missing required financial information
(6)  xx  is missing authorization to calculate and disburse filing fee payments (if

|||
|---|---|
| | filing civil rights complaint) |
| (7) ___ | is missing an original signature by the prisoner |
| (8) ___ | is not on proper form |
| (9) ___ | names in caption do not match names in caption of complaint, petition or habeas application |
| (10) xx | other: motion and supporting documents are necessary only if $400.00 filing fee(for civil rights complaint) or $5.00 filing fee (for habeas corpus application) is not paid. |

**Complaint, Petition or Application**:

| | | |
|---|---|---|
| (11) | X | is not submitted |
| (12) | ___ | is not on proper form (must use the court's current form) |
| (13) | ___ | is missing an original signature by the prisoner |
| (14) | ___ | is missing page nos. ___ |
| (15) | ___ | uses et al. instead of listing all parties in caption |
| (16) | ___ | An original and a copy have not been received by the court. Only an original has been received. |
| (17) | ___ | Sufficient copies to serve each defendant/respondent have not been received by the court. |
| (18) | ___ | names in caption do not match names in text |
| (19) | ___ | other: |

Accordingly, it is

ORDERED that Plaintiff cure the deficiencies designated above **within thirty days from the date of this Order**. Any papers that Plaintiff files in response to this Order must include the civil action number on this Order. It is

FURTHER ORDERED that Plaintiff shall obtain the following Court-approved forms, and shall use those forms for curing the deficiencies noted in this Order:

(1) Court-approved forms for filing a Prisoner Complaint and Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (if $400.00 filing fee not paid); or

(2) Court-approved forms for filing an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and Prisoner's Motion and Affidavit for Leave to Proceed

Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action (if $5.00 filing fee not paid).

Plaintiff shall obtain copies of the appropriate forms (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Plaintiff fails to cure the designated deficiencies **within thirty days from the date of this Order**, the action will be dismissed without further notice.

DATED:  October 20, 2014, at Denver, Colorado.

BY THE COURT:

s/Boyd N. Boland
United States Magistrate Judge