IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02852-GPG

STEVEN JAMES HERNANDEZ,

    Plaintiff,

v.

JOHN SUTHERS, Attorney General,
RICK RAEMISCH, D.O.C. Executive Director, and
JOHN DOW, District Attorney, Denver,

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

    Plaintiff, Steven James Hernandez, is detained at the Denver County Jail. He initiated this action by submitting a Letter to the Court (ECF No. 1), in which he asserted that the Colorado Department of Corrections (CDOC) is improperly deducting earned and good time credits from his parole eligibility date, instead of from his discharge date.

    On October 20, 2014, Magistrate Judge Boyd N. Boland entered an order directing Plaintiff to file a Prisoner Complaint or an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. (ECF No. 3). Mr. Hernandez filed both a Prisoner Complaint and a § 2241 Application on December 1, 2014. (ECF Nos. 12, 13).

    Plaintiff's allegations in the Prisoner Complaint are confusing and fail to comply with the requirements of Fed. R. Civ. P. 8. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show

that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir.1989). The requirements of Fed.R.Civ.P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F.Supp. 1062, 1069 (D.Colo.1991), *aff'd*, 964 F.2d 1022 (10th Cir.1992).

Specifically, Rule 8(a) requires that a complaint "contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . ." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1) which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

In order for Mr. Hernandez "to state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1164 (10th Cir. 2007).

The allegations of the Prisoner Complaint do not provide adequate notice of the basis of Plaintiff's constitutional claims. By contrast, in his § 2241 Application (ECF No. 13), Mr. Hernandez alleges that the CDOC has failed to apply awarded good time credits toward his Mandatory Release Date (MRD), which has resulted in Plaintiff

serving prison time beyond his MRD, and parole time beyond his Statutory Discharge Date (SDD), in violation of the law. Mr. Hernandez states that he saw the Colorado Parole Board several times between July 14, 2013 and July 14, 2014, but on each occasion the MRD calculated by the CDOC did not reflect his awarded good time credits. Mr. Hernandez argues that once an inmate has earned good time or earned time credits, the credits must be applied to the inmate's MRD. He challenges the CDOC's policy that it has discretion whether or not to apply awarded time to an inmate's MRD. Plaintiff alleges that he should have been given an MRD of July 14, 2013. He seeks both injunctive and monetary relief

Plaintiff cites *Ankeney v. Raemisch*, No. 12CA1930 (Colo. App. Aug. 22, 2013), in support of his allegations. In *Ankeney*, the Colorado Court of Appeals held that a Colorado inmate who is subject to a mandatory parole scheme is entitled to application of good time and earned time credits in calculating the mandatory release date. (*See Ankeny*, No. 12CAS1930, attached as an exhibit to the Complaint in *Ankeney v. State of Colorado, et al.*, No. 14-cv-0007-MSK-KMT). To the extent Mr. Hernandez is raising a challenge to the calculation of his MRD based on the CDOC's failure to award earned good time or earned time credits, he must assert specific facts to support his claims in an amended Prisoner Complaint, pursuant to 42 U.S.C. § 1983. Although Mr. Hernandez alleges some relevant facts in the § 2241 Application, as discussed above, he must raise his allegations in an amended Prisoner Complaint.

The § 2241 application also appears to challenge the CDOC's computation of Plaintiff's parole eligibility date (PED) under *Nowak v. Suthers*, 320 P.3d 340 (Colo.

2014), which requires the DOC to aggregate consecutive sentences when computing an offender's PED.  If Mr. Hernandez intends to pursue this claim in the instant action, he must allege the relevant facts in his amended Prisoner Complaint.  Mr. Hernandez is reminded that he cannot proceed with a civil rights complaint and a § 2241 application in the same proceeding.  Accordingly, it is

ORDERED that Plaintiff, Steven James Hernandez, file **within thirty (30) days from the date of this order,** an amended complaint that complies with the directives in this order, and complies with Fed. R. Civ. P. 8.  It is

FURTHER ORDERED that Mr. Hernandez shall obtain the court-approved form for filing a Prisoner Complaint, with the assistance of his case manager or the facility's legal assistant, along with the applicable instructions, at www.cod.uscourts.gov.  Plaintiff shall use the form in filing his amended complaint.  It is

FURTHER ORDERED that, if Hernandez fails to file an amended complaint that complies with this order within the time allowed, some or all of this action may be dismissed without further notice.

DATED December 18, 2014, at Denver, Colorado.

BY THE COURT:

s/ Gordon P. Gallagher

United States Magistrate Judge