IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02852-GPG

STEVEN JAMES HERNANDEZ,

    Plaintiff,

v.

JOHN SUTHERS, Attorney General,
RICK RAEMISCH, D.O.C. Executive Director, and
JOHN DOW, District Attorney, Denver,

    Defendants.

## ORDER OF DISMISSAL

Plaintiff, Steven James Hernandez, was detained at the Denver County Jail when he initiated this action on October 17, 2014. He submitted a Letter to the Court (ECF No. 1), in which he asserted that the Colorado Department of Corrections (CDOC) is improperly deducting earned and good time credits from his parole eligibility date, instead of from his discharge date.

On October 20, 2014, Magistrate Judge Boyd N. Boland entered an order directing Plaintiff to file a Prisoner Complaint, to the extent he was challenging the conditions of his confinement, or an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, to the extent he was challenging the execution of his sentence. (ECF No. 3). *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir.1996) ("Petitions under § 2241 are used to attack the execution of a sentence); *McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811-12 (10th Cir. 1997) (a habeas corpus application is an improper vehicle for a prisoner to challenge the conditions of his confinement; instead, a

state prisoner's challenge to his conditions of confinement is cognizable under 42 U.S.C. § 1983).

Mr. Hernandez filed both a Prisoner Complaint and a § 2241 Application on December 1, 2014. (ECF Nos. 12, 13).

On December 18, 2014, Magistrate Judge Gordon P. Gallagher reviewed the December 1 filings and issued an Order Directing Plaintiff to File an Amended Complaint within 30 days (ECF No. 18). On December 30, 2014, Mr. Hernandez filed a Letter (ECF No. 21), in which he asked the Court to mail him a copy of the Prisoner Complaint form. Magistrate Judge Gallagher granted Plaintiff's request in a January 6 minute order and allowed him 30 days from that date to submit his amended Prisoner Complaint. (ECF No. 22). The clerk's office mailed the Prisoner Complaint form to Plaintiff on January 6, 2015. (ECF No. 23).

It is not clear whether Mr. Hernandez ever received the Prisoner Complaint form sent to him at the Denver County Jail on January 6, 2015, or a copy of the January 6, 2015 minute order. The January 6 minute order was not returned to the Court as undeliverable. However, a separate order, mailed to the Denver County Jail on December 17, 2014 (ECF No. 16), was returned to the Court as undeliverable two months later, on February 17, 2014. (ECF No. 24). The notation on the returned envelope states that Mr. Hernandez was released from the Denver County Jail. (*Id.*).

The local rules of this Court require a litigant to file a notice of new address within five days of any address change. *See* D.C.COLO.LAttyR 5(c) (formerly D.C.COLO.LCivR 11.1(d), prior to the December 1, 2014 amendments). Although *pro se* pleadings are construed liberally, *pro se* litigants are bound by the same rules of

procedure that governs other litigants. *See Garrett v. Selby Connor Maddux & Janer,* 425 F.3d 836, 840 (10th Cir.2005). Mr. Hernandez has not filed a notice of address change with the Court. In addition, he has failed to comply with the December 18 Order directing him to file an amended Prisoner Complaint. As such, this action is subject to dismissal without prejudice for Plaintiff's failure to prosecute. *See* Fed. R. Civ. P. 41(b).

Furthermore, as discussed in the December 18 Order, Mr. Hernandez's allegations in the original Prisoner Complaint are confusing and fail to comply with the requirements of Fed. R. Civ. P. 8. (*See* ECF No. 18, at 1-2). Accordingly, the Prisoner Complaint is subject to dismissal without prejudice on that ground. "'A dismissal without prejudice under Rule 8 is within the sound discretion of the trial court.'" *Carbajal v. City and County of Denver*, No. 12-1090, 502 F. App'x 715, 716 (10th Cir. Sept. 25, 2012) (unpublished) (quoting *Atkins v. Northwest Airlines, Inc.,* 967 F.2d 1197, 1203 (8th Cir.1992); *see also Nasious v. Two Unknown B.I.C.E. Agents,* 492 F.3d 1158, 1162 (10th Cir.2007) ("Employing Rule 41(b) to dismiss a case without prejudice for failure to comply with Rule 8 of course allows the plaintiff another go at trimming the verbiage; accordingly, a district court may, without abusing its discretion, enter such an order without attention to any particular procedures.").

And, although the allegations in the § 2241 Application (ECF No. 13) arguably comply with Fed. R. Civ. P. 8, Mr. Hernandez was advised in the December 18 Order that he may not maintain civil rights claims and habeas corpus claims in the same proceeding. *See generally McIntosh*, 115 F.3d at 811-812.

In sum, Mr. Hernandez has failed to file an amended Prisoner Complaint that complies with Fed. R. Civ. P. 8, and he has also failed to comply with court orders and

to prosecute this action. Accordingly, it is

ORDERED that this action is DISMISSED WITHOUT PREJUDICE, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, for the failure of Steven James Hernandez to prosecute this action, as well as his non-compliance with court orders, Fed. R. Civ. P. 8, and the local rules of this court. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied for the purpose of appeal. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Mr. Hernandez files a notice of appeal he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

DATED March 3, 2015, at Denver, Colorado.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court